OPINION of the Court, by
Ch. J. Bibb.
These cast s depend on the same principle, and the decision in one must be the decision in all. The paupers suing for their freedom in the court below had judgments respectively in their favor. Their mother, Sibley, was a slave in the state of Pennsylvania, previous to the passage of the act for the gradual abolition of slavery, and was afterwards duly registered according to the requisitions and previsions of that act, whereby she would have remained a slave for life, even in the state of Pennsylvania, any thing in that act notwithstanding. She was afterwards removed into the state of Virginia, and was in the district of Kentucky registered according to the laws then in force, whereby she remained a slave for life. The appellees, her children, were all born after her being removed from the state of Pennsylvania; and according to the rule '•'•partus stquitur ventrem” they must be deemed slaves, unless they can shew some right to freedom, acquired since their birth, or can shew that the rule before mentioned did not apply to their birth. To do this, the act of Pennsylvania, amen-datory to the former, has been relied on ; which amendment was enacted previous to the removal of the mother. The second section of the amendatory and explanatory act, which is the one supposed to have liberated the children of Sibley, declares that “ no negro or mulatto slave, or servant lor term of years, (except, &c.) shall be removed out of this state, with the design and intention that the place of abode or residence of such slave or servant shall be thereby altered or changed, or with the design and intention that such slave or servant, if a female and pregnant, shall be detained and kept *616 out of ⅛⅛ state till after her delivery of the child o£ which she is or shall be pregnant, or with the design and intention that such slave or servant shall be brought again into this state after the expiration of six months from the time such slave or servant having been first brought into this state, without his or her consent, &c.” —“and if any person or persons whatever shall sell or dispose of any such slave or servant to any person out of this state, or shall send or carry or cause to be sent or carried any such slave or servant out of this state, for any of the purposes aforesaid, whereby such slave or person would lose those benefits and privileges, which, by the laws of this state are secured to him or her, and shall not have obtained all such consent as by this act is required, testified in the manner before mentioned, every such person and persons, his and their aiders and abettors, shall severally forfeit and pay for every such offence, the sum of seventy-five pounds, to be recovered,” &c.
By the provisions of the original act, the children of slaves “ born within the state,” after the passage thereof, were declared free after the age of twenty-eight years; and if Sibley’s children had been born within/ that state, the right of freedom would have been incipient, to be consummated by the attainment of the age; specified ; and having once attached, a subsequent removal of them from Pennsylvania, would not have defeated that incipient right, according to any existing laws of Virginia or of this state. But according to the agreed case, such incipient claim never did attach to the persons claiming in these suits. The children of Sib-ley never were in the state of Pennsylvania, they were never in esse in that state, nor subject to her territorial jurisdiction. It is unnecessary to enquire whether the owner of Sibley, the mother, would have been subject, in Pennsylvania, to the pecuniary penalty imposed by the section before recited, in consequence of having removed her without the assent required therein. For it seems clear, that notwithstanding the removal, if the children had been carried into the state of Pennsylvania, they would not have been entitled to freedom by the laws of that state, by virtue of their parentage, because they were born without the limits of that state. The legislature of Pennsylvania have not even attempted to extend the operation of their statutes to slaves born extra *617 ¾.rratirium, and never carried within her jurisdiction ; although the mother may have been registered as within tne operation of their laws. The paupers have therefore made out no right to freedom by the case agreed, judgments reversed.